## CIRCUIT COURT OF FAIRFAX COUNTY

Diane E. Hartingh

v.

John A. Hartingh

August 9, 2000

Case No. (Chancery) 164698

BY JUDGE R. TERRENCE NEY

This matter came before the Court on July 26, 2000, for equitable distribution.

The Court has considered the arguments of counsel and their post-hearing briefs concerning the validity and enforceability of the oral agreement concerning the division of marital property allegedly entered into between the parties in November 1994. The Court finds that the alleged oral agreement is not valid and enforceable and does not preclude equitable distribution.

Va. Code § 20-155 provides, in pertinent part, that married persons may enter into agreements with each other for the purpose of settling the rights and obligations of either or both of them. The statute further provides that such agreements are subject to the same conditions as apply to agreements between prospective spouses, which are set forth in Va. Code §§ 20-147 through 20-154. Va. Code § 20-149 specifically requires that such agreements be in writing and signed by both parties.

In *Richardson v. Richardson*, the Virginia Court of Appeals held that the aforesaid statutes do not apply to property settlement agreements between spouses *made for the purpose of settling pending litigation*, and that oral agreements made in such circumstances may be valid, enforceable, and incorporated in a divorce decree provided that the agreement is valid under the rules generally applicable to contracts. 10 Va. App. 391, 392 S.E.2d 688 (1990). In this case, the exception to the statutes set forth in *Richardson* does not apply for two reasons. First, the alleged oral agreement was allegedly

entered into in November 1994, yet this case was not filed until 1999. Therefore, the agreement was not made to settle pending litigation and does not fall within the ambit of the *Richardson* exception. Second, even if the *Richardson* exception applied, the alleged agreement must be sufficiently definite to enable the trial court to determine the intent and agreement of the parties and to enforce the contract. See *Richardson*, 10 Va. App. at 396, 392 S.E.2d 688. Here, the Court finds that the terms of the alleged agreement were not sufficiently definite to determine the intent and agreement of the parties or to enforce the contract.

Consequently, after due consideration of all of the factors set forth in Va. Code § 20-107.3, the Court divides the parties' disputed marital property[1] as follows:

(1) One-half of the martial share of the CSRS annuity, as calculated by the Complainant, is awarded to the Complainant;

(2) The balance of the Vanguard Index Trust 500 Portfolio Account is to be divided in an equal trustee-to-trustee distribution;

(3) The parties' beach house is awarded to the Defendant; and

(4) The Miles Stone real property is awarded to the Complainant.

Both parties are awarded a reservation of the right to seek spousal support from the other party. Each party shall be responsible for his or her own attorney's fees.

---

[1] All other marital property was previously divided by the parties.